UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RAJU AT DAHLSTROM,<br><br>Plaintiff,<br><br>v.<br><br>JAY ROBERT INSLEE, STATE OF WASHINGTON, CHRISTOPHER JOHN DAIGLE, CASEY K. COREY, JEFFERSON COUNTY, MICHAEL E. HAAS, SCOTT W. ROSEKRANS, WALTER H. PERRY, THOMAS A. BROTHERTON, JAMES MITCHELL KENNEDY, JILL LANDES, and KEITH CHANDLER HARPER,<br><br>Defendants. | CASE NO. 2:25-cv-262-JNW<br><br>ORDER GRANTING MOTION TO REMAND |

Plaintiff Raju A.T. Dahlstrom brings tort claims arising out of a traffic citation he received on July 25, 2014.[1] Dahlstrom filed his original complaint in

---

[1] The Court remains skeptical that Dahlstrom's claims are timely. Dahlstrom alleges claims under the Washington Consumer Protection Act and the Washington Law Against Discrimination, as well as a tort claim for false arrest. But the details in his complaint indicate that his claims may be time barred. *See, e.g.*, RCW § 19.86.120 (four-year limitations period for Washington Consumer Protection Act claims); *Antonius v. King Cnty.*, 103 P.3d 729, 732 (Wash. 2004) (citing RCW

ORDER GRANTING MOTION TO REMAND - 1

Skagit County Superior Court. Dkt. No. 1-1 at 1. Defendants United States of America, United States Immigration and Customs Enforcement, United States Customs and Border Protection, and United States Citizenship and Immigration Services (collectively, "Federal Defendants") removed to this Court on February 11, 2025. Dkt. No. 1. After Defendants moved to dismiss, Dahlstrom filed an amended complaint and voluntarily dismissed all Federal Defendants. Dkt. Nos. 21, 22, 23, 24, 25. Dahlstrom then moved to remand to Skagit County Superior Court. Dkt. No. 32 at 1.

Remaining Defendants Jay Robert Inslee, Washington State Patrol, Christopher John Daigle, Casey K. Corey, Walter H. Perry, Thomas A. Brotherton, James Mitchell Kennedy, Jill Landes, Keith Chandler Harper, Jefferson County, Michael E. Haas, and Scott W. Rosekrans concede that Dahlstrom's amended complaint lacks a basis for federal jurisdiction and should be remanded to state court. Dkt. Nos. 35 at 2; 36 at 1. Accordingly, the Court GRANTS Dahlstrom's motion to remand, Dkt. No. 32, and STRIKES as moot the pending motions at Dkt. Nos. 40, 41.

---

§ 4.16.080(2)) (the statute of limitations under the Washington Law Against Discrimination is three years); *Heckart v. City of Yakima*, 708 P.2d 407, 407 (Wash. 1985) ("[T]he [two]-year statute of limitation contained in RCW 4.16.100(1) applies to actions for false arrest."). Because the Court remands this case to the state court it declines to weigh in on whether Dahlstrom's claims are timely.

ORDER GRANTING MOTION TO REMAND - 2

Dated this 21st day of April, 2025.

                                              Jamal N. Whitehead
                                              United States District Judge

ORDER GRANTING MOTION TO REMAND - 3